UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

IN RE GRAND JURY WITNESS.

No. 19-MJ-456

Hon. Sally J. Berens
Magistrate Judge

Britt M. Cobb (P69556)
WILLEY & CHAMBERLAIN LLP
300 Ottawa Avenue, N.W., Suite 810
Grand Rapids, Michigan 49503-2304
(616) 458-2212

Sean Lewis
Assistant United States Attorney

**MOTION TO WITHDRAW AS COUNSEL, REQUEST FOR APPOINTMENT OF COUNSEL AND BRIEF IN SUPPORT**

Undersigned counsel for the Grand Jury Witness ("the witness") hereby moves for leave to withdraw as counsel for the reason that a potential conflict of interest has arisen in her continued representation of the witness. Undersigned counsel recently learned that continued representation of the witness poses a potential conflict of interest or the appearance of a conflict of interest between the witness and another client currently also represented by counsel's law firm. The Assistant United States Attorney in this matter, Sean Lewis, has indicated that the government has no objection to this request. Indeed, it is upon the representations of the government about certain facts in the case that counsel believes a potential conflict of interest exists.

Counsel was appointed to represent the witness on December 18, 2019, the same day the witness appeared pursuant to a Grand Jury subpoena. The subpoena was continued to January 8, 2019. In the meantime, another lawyer in counsel's office was appointed to represent a defendant in a criminal case. That criminal defendant has an unexpected connection to the matter about which the witness has been subpoenaed to testify.

This connection between the witness and the criminal defendant has caused the government grave concern about a potential conflict of interest between the representation by counsel's firm of both individuals. The facts supporting the potential conflict have been explained to the undersigned and although largely lacking firsthand knowledge of the facts at this stage, counsel accepts the government's concerns and the facts it has laid out as being true and accurate. Counsel agrees based on the government's representations that a potential conflict or the appearance of a conflict exists as it relates to continued representation of the witness.

Once an issue like this is presented, counsel believes the most prudent thing to do to protect the witness is to raise the matter with the Court by way of a Motion to Withdraw.[1] This is in accordance with Rule 1.7 of the Michigan Rules of Professional Conduct. The witness should absolutely have conflict-free counsel for purposes of the Sixth Amendment.

---

[1] The defendant in the related criminal case is retaining separate counsel, which should resolve the issue in that individual's case.

2

WHEREFORE, the undersigned requests the Court for leave to withdraw as counsel and asks the Court to appoint new counsel or the witness.

Dated: December 31, 2019

Respectfully Submitted,

WILLEY & CHAMBERLAIN LLP

 s/Britt Morton Cobb
Britt Morton Cobb (P69556)
300 Ottawa Avenue, N.W, Suite 810
Grand Rapids, Michigan 49503
(616) 458-2212
bmc@willeychamberlain.com